David Wayne **BROWN**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 13–92–398–CR, 13–92–401–CR and 13–92–402–CR.

Court of Appeals of Texas, Corpus Christi.

Aug. 17, 1995.

A. Jay Condie, Houston, Marek & Griffin, Port Lavaca, for appellant.

Robert E. Bell, Criminal District Attorney, Edna, Jim Vollers, Austin, for appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr., and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

Appellant, David Wayne Brown, was convicted of three counts of indecency with a child. With five enhancement paragraphs, the jury assessed punishment at eighty (80) years confinement in the Institutional Division of the Department of Criminal Justice.

The three convictions were consolidated for the purpose of appellant's first appeal to this court. *See Brown v. State,* 871 S.W.2d 852 (Tex.App.–Corpus Christi 1994, pet. ref'd).

In that appeal, appellant challenged the trial court's judgments by three points of error. Appellant's first and second points of error challenging the sufficiency of evidence and adequacy of counsel were thoroughly addressed and remain overruled.

By his third point of error, appellant argued that sufficient evidence of his incompetency to stand trial was apparent before and during trial such that the trial judge erred in failing to order, on its own motion, a hearing to determine competency.

We agreed with appellant, abated his appeal, and remanded to the trial court for a determination of whether appellant's competency at the time of trial could be ascertained after the passage of one and one-half years, and if so, to hold a retrospective competency hearing pursuant to Article 46.02, Section 2 of the Texas Code of Criminal Procedure.[1]

We ordered that if the trial court determined that too much time had passed to hold a Section 2 hearing, it should grant a new trial. We further directed that if the trial court held a Section 2 hearing, it should take such further actions as are authorized by Article 46.02. Finally, we permitted appellant the opportunity to submit an additional brief after the competency determination to address any issues presented at the hearing.

The trial court properly conducted the Section 2 hearing and concluded that there was no evidence to support the finding of incompetency to stand trial. Appellant has not submitted any briefs challenging the hearing or the trial court's conclusion.

In light of the trial court's findings and our discussion in appellant's first appeal, we AFFIRM the judgments of the trial court.

---

1. The State challenged our disposition of the appeal by petition to the Court of Criminal Appeals. The petition was refused by the court on August 19, 1994.